## Ransom v. Crawford, Appellant.

*Payment—Evidence—Conflicting testimony—Question for jury.*

In an action by a sister against a brother to collect a sum alleged to have been wrongfully retained by the defendant in settling with the plaintiff for her share of her father's estate, where there is evidence that at the time of the settlement the defendant deducted the amount of a note of the plaintiff's husband to himself with interest thereon, that he added the words "with interest" in the body of the note, telling plaintiff that she could keep it as it was of no value, and that she might tear it .up, and the plaintiff denies that she consented to the deduction, and the evidence is otherwise conflicting, the case is for the jury, and a verdict and judgment for plaintiff will be sustained.

Argued April 27, 1910.   Appeal, No. 158, April T., 1910, by defendant, from judgment of C. P. Allegheny County, June T., 1906, No. 533, on verdict for plaintiff in case of Laura I. Ransom v. Harris Crawford.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.   Affirmed.

Assumpsit for a balance alleged to be due by defendant as an agent.   Before FORD, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $590.75.   Defendant appealed.

*Errors assigned* were various instructions, quoting them.

*H. V. Blaxter*, of *Lazear & Blaxter*, for appellant.

*H. Fred Mercer*, with him *L. W. Mendenhall*, for appellee.

OPINION BY BEAVER, J., December 12, 1910:

The defendant, as the agent of his father's estate, made settlement with his sister, the plaintiff, for her share

therein.  According to a statement which was in evidence, furnished by the brother to the sister, her share was shown to be $4,262.31.  He came to the sister's house, as shown by his own testimony, and that of another sister, with a check for the amount shown in the statement to be due the plaintiff, and a receipt for the same in full. The alleged settlement was made in the presence of the sister of both the parties.  The defendant produced the check for the full amount and the receipt which it is alleged by the plaintiff she signed before the check was given her.  After the receipt was produced, the defendant mentioned a note of the plaintiff's husband, which he alleged had not been paid to him and that, although barred by the statute of limitations, he thought the plaintiff should pay.  According to the testimony of the sister, the plaintiff replied that she knew nothing about the note and did not think she ought to pay it.  According to the defendant's testimony, she said nothing.  He deducted the note and, after adding in pencil below it the words "with interest," added interest thereto and deducted the amount of the note and interest from the share of the sister, as shown by the receipt.  He then drew a new check for the balance thus shown and handed this check and the note to the plaintiff and withdrew from the room where they were transacting business.  According to the testimony of the sister, the plaintiff did not read the receipt until her brother, the defendant, had gone.  The plaintiff did not return the note to the defendant and did not make demand for the balance alleged to be due her in the settlement of her father's estate, until shortly prior to the bringing of this suit, although there was evidence that a demand had been previously made on the defendant by the plaintiff's sister in her behalf.

The main facts of the case are not in any way disputed; that is, that the real share of the plaintiff in her father's estate was, as alleged, $4,262.31; that the amount of the check given the plaintiff by the defendant was $3,869.81, which, with the note of John G. Ransom, the plaintiff's

husband, and interest thereon for eleven years and a half month, amounting to $392.50, made up the amount due the plaintiff.

Did the plaintiff agree to this settlement and accept the note of her husband, and the interest thereon, as part payment of her share of her father's estate? If she did, she was, of course, bound by it. If she did not, as a matter of fact, the defendant was indebted to her the amount of the note of her husband and interest thereon deducted from her share. This was the simple question, and it was purely one of fact. Although the main facts are admitted, there is some discrepancy as to what occurred at the time of the settlement; the plaintiff and her sister differing materially in their statements of what occurred from that of the defendant.

The statement of the facts, briefly made herein, is we think the sufficient answer to the first and second assignments of error, the first being that "Under the pleadings and evidence in this case, the verdict must be for the defendant," and the second that "The court erred in its refusal of defendant's motion for judgment non obstante veredicto." The court could not say, as a matter of law, that the settlement alleged to have been made by the defendant with his sister, the plaintiff, was one to which the plaintiff gave her assent. For the same reason, we think the answers of the court to the defendant's second and third points, as assigned for error in the third and fourth assignments, were also correct.

The defendant asked the court to say that certain alleged facts, if believed by the jury, would be conclusive against the plaintiff, and that the verdict must be for the defendant. The court qualified these points by saying that the facts, as alleged, were to be considered by the jury "in determining whether she (the plaintiff) consented to this settlement, as claimed to have been made on May 27th, 1901." In this we think the trial judge was entirely correct. Both points related to the retention of the note of her husband by the plaintiff, and the defendant

desired the court to say that that was conclusive upon the plaintiff. But there was evidence that the defendant had said at the alleged settlement that the plaintiff could retain the note, because it was of no value, and that she might tear it up. The plaintiff alleges that the note was not only barred by the statute of limitations at the time, but that it was rendered absolutely void by the defendant adding the words "with interest" at the bottom of the note and calculating interest upon it in accordance with this alteration, which rendered the note void. In any event, under the evidence, the manner in which the note was left in the hands of the plaintiff, and the effect which that had upon her rights, was a question for the jury, and was to be considered in determining whether or not the plaintiff consented to the settlement, as made by the defendant.

The fifth assignment of error is: "The learned court erred in commenting to the jury upon, and permitting their consideration of, a statement, being exhibit No. 4, which was not in evidence, the said portion of the charge and the rulings on the exhibit being as follows:" It then clearly appears by what is set out by the defendant in the assignment that the exhibit No. 4 was offered and was admitted in evidence but was accompanied by the statement of the plaintiff's counsel: "I withdraw from the case entirely anything based on the idea of fraud, and rest the case entirely on the question of want of consent." The statement referred to was an itemized statement of indebtedness by the husband of the plaintiff to the defendant, containing, as the principal item in it, note dated November 13, 1900, $178.41. This account was paid by the plaintiff to the defendant prior to this alleged settlement. As the record stood, the offer was made and the evidence accepted, but was withdrawn by the plaintiff for the purpose of showing fraud on the part of the defendant, but as being evidence of the lack of consent on the part of the plaintiff to the settlement alleged by the defendant. The objection, when this withdrawal was

made, was not insisted upon, and no exception was allowed. The comments of the court upon this statement, under the circumstances, were simply explanatory of the transaction, and were evidently intended to assist the jury in reaching the conclusion as to what the real condition of affairs was at the time of the alleged settlement between the plaintiff and the defendant, and were entirely proper.

The issue was clearly presented in the charge to the jury as follows: "In other words, gentlemen, as counsel have frankly said to you, the question for you to determine is: Did the plaintiff consent to this settlement at this conference held on May 27, 1901? If she consented to the settlement, and received the check, received the note, had the check cashed, and remained silent for a number of years afterward, then she cannot now be heard to repudiate that settlement, and is bound by it."

That question was fairly left to the jury and, with the exceptions hereinbefore referred to in the several assignments of error, the charge of the court is not complained of. We think it was full, fair, unbiased and left the question entirely to the jury, whose conclusion was satisfactory to the court below, and is to be accepted by us.

Judgment affirmed.